# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARGARITO CORTEZ, | Case No. 1:14-cv-01016-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |
| v. | |
| | (Doc. 14) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff John Margarito Cortez ("Plaintiff") proceeds in this case in forma pauperis and challenges the decision of the Commissioner of Social Security denying Plaintiff's application for social security disability benefits. On April 8, 2015, Plaintiff's counsel, Vijay Patel, Esq., filed a motion to withdraw as attorney of record; no opposition to Mr. Patel's motion has been filed. (Doc. 14.) For the reasons set forth below, Mr. Patel's motion is GRANTED.

## II.  DISCUSSION

Local Rule 182(d) provides specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in propria persona, and states:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Mr. Patel filed a declaration in support of his motion indicating that Plaintiff is unwilling to accept Mr. Patel's recommendation regarding proceeding in this action and a lack of communication has led to a breakdown in the attorney-client relationship.  (Doc. 14, Patel Decl., ¶¶ 3-7.)  The Court issued an order on April 13, 2015, requiring Mr. Patel to file a certificate of service establishing the motion to withdraw was served on Plaintiff.  Mr. Patel filed a certificate of service showing that the motion was served on Plaintiff at his last known address by certified mail on April 8, 2015.

The California Rules of Professional Conduct ("CRPC"), Rule No. 3-700(C)(1)(d) provides that an attorney may request permission to withdraw when the client engages in conduct that "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  Rule No. 3-700(A)(2) additionally states that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."

Here, Mr. Patel indicates that Plaintiff's failure to communicate with him and accept his recommendation regarding proceeding with the litigation has made it unreasonably difficult for counsel to effectively carry out his representation of Plaintiff.  (Doc. 14, ¶¶ 3-7.)  Pursuant to the CRPC, this constitutes a permissible basis for Mr. Patel to seek withdrawal as counsel.  *See* CRPC No 3-700(C)(1)(d).

The upcoming scheduling deadlines have been extended to provide Plaintiff adequate time to either retain new counsel or proceed pro se, representing himself. Specifically, Plaintiff's opening brief is due to be filed on or before June 5, 2015. Because Plaintiff has more than 30 days to file an opening brief, Plaintiff will not be prejudiced by Mr. Patel's withdrawal as his attorney. Accordingly, Mr. Patel's Motion to Withdraw as Attorney of Record for Plaintiff is GRANTED.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Patel's motion to withdraw as attorney of record for Plaintiff is GRANTED;
2. The Clerk of the Court is ORDERED to update the docket to reflect Mr. Patel has been terminated as Plaintiff's counsel and to update Plaintiff's address as set forth below; and
3. The Clerk of the Court is DIRECTED to serve a copy of this order via the United States Postal Service on Plaintiff at the following last known address:

>    Mr. John Margarito Cortez
>    3674 E. Turner
>    Fresno, CA 93701

IT IS SO ORDERED.

Dated:   **April 28, 2015**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE