1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARGARITO CORTEZ, | Case No. 1:14-cv-01016-SKO |
| Plaintiff, | |
| v. | **INFORMATIONAL ORDER FOR PRO SE LITIGANTS** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

_____/

Plaintiff is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied Plaintiff's claim for benefits under the Social Security Act.[1]

This order provides the following information and serves as a step-by-step guide for pro se litigants. Plaintiff is strongly urged to read this order and keep it readily available for future reference.

_____

[1] Plaintiff's counsel was permitted to withdraw as Plaintiff's attorney of record on April 29, 2015.

**I.     Briefs**

      A.     Plaintiff's Opening Brief

Plaintiff's opening brief must be filed and served no later than June 5, 2015.  (Doc. 15.) Plaintiff must serve a copy of the opening brief on all the attorneys listed for Defendant on the court docket of the case at the addresses noted on the court docket.  Plaintiff is advised that failure to timely file an opening brief will result in dismissal of the action.

Plaintiff must also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

                Office of the Clerk
                United States District Court
                Eastern District of California
                2500 Tulare Street, Suite 1501
                Fresno, California 93721

Plaintiff's opening brief must contain the following:

      (1)     A plain description of Plaintiff's alleged physical or emotional impairments, when Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from working;

      (2)     A summary of the administrative proceedings before the Social Security Administration;

      (3)     A summary of the relevant testimony at the administrative hearing;

      (4)     A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

      (5)     A recitation of the Social Security Administration's findings and conclusions relevant to Plaintiff's claims;

      (6)     A short, separate statement of each of Plaintiff's legal claims explaining why the evidence is insufficient to support the ALJ's findings; and

      (7)     Any argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record.  Any argument in support of each claim of error must be

supported by citation to legal authority and an explanation as to how such authority applies to the facts of the particular case.  Briefs that do not substantially comply with these requirements will be stricken.  A document that is stricken becomes null and void and will not be considered by the Court for any purpose.

     **B.**  Defendant's Responsive Brief

   Pursuant to the Scheduling Order, Defendant's responsive brief must be filed and served on Plaintiff by no later than July 9, 2015.  (Doc. 15.)

     **C.**  Plaintiff's Reply Brief

   Plaintiff may, but is not required to file a reply brief by no later than July 27, 2015. Plaintiff must serve a copy of the reply brief on Defendant by serving the United States Attorney for the Eastern District of California at the address set forth in paragraph 1A above.  Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

   Plaintiff's reply brief should respond to the arguments made in Defendant's responsive brief.

**II.**  **The Court's Decision on the Merits**

   The Court will consider the merits of the case only after all briefs have been filed, and may enter judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

**III.**  **Summary of Deadlines**

   As Plaintiff's counsel recently withdrew and Plaintiff is proceeding without representation, the remaining case deadlines are set forth below:

| Event | Deadline |
|---|---|
| Plaintiff's Opening Brief Filed | June 5, 2015 |
| Defendant's Brief Filed | July 9, 2015 |
| Plaintiff's Reply Brief (Optional) Filed | July 27, 2015 |

1    **IV.    <u>Rules for Litigating this Action</u>**

2            A.      In litigating this action, the parties must comply with the Federal Rules of

3    Civil Procedure and the Local Rules of the United States District Court, Eastern District of

4    California ("Local Rules").  A copy of the Local Rules may be obtained in the Clerk's Office at no

5    charge.

6            **FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES,**

7    **OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR**

8    **DISMISSAL OR OTHER APPROPRIATE SANCTIONS.  *See* Local Rule 110; Fed. R. Civ.**

9    **P. 41(b).**

10           B.      Documents intended to be filed with the Court must be mailed to the Clerk

11   of the Court in Fresno, California, at the address noted above.  See Local Rule 134(a).  All

12   documents mailed directly to a judge's chambers will be stricken from the record.  A document

13   requesting a court order must be styled as a motion, not as a letter.  See Fed. R. Civ. P. 7.

14           C.      Each separate document must be separately stapled.  See Local Rule 130.  If

15   a document is stapled behind another document, it will not be filed and will not be docketed as a

16   separate document.

17           D.      All documents filed with the Court must be submitted with an additional

18   legible copy for the Court's use.  See Local Rule 133(d)(2).  A document submitted without an

19   extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-

20   stamped copy, an additional copy must be provided for that purpose (i.e., one original and two

21   copies; one for the Court's use and one to be returned to the filing party), together with a self-

22   addressed stamped envelope.  The Court cannot provide copy or mailing service for a party – even

23   for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the Court's file

24   may be obtained from the Clerk's Office at the cost of fifty cents per page.

25           E.      After any defendant has appeared in an action by filing a pleading

26   responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the

27   Court must include a proof of service stating that a copy of the document was served on the

28   opposing party.  See 28 U.S.C. § 1746; Fed. R. Civ. P. 5; Local Rule 135.  A document submitted

without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

        F.     A pro se Plaintiff has a duty to keep the Court and opposing parties apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).  If mail directed to Plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated, in writing, within 60 days of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

Dated:   __**May 12, 2015**__                _____**/s/ Sheila K. Oberto**_
                                             UNITED STATES MAGISTRATE JUDGE