1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JOHN MARGARITO CORTEZ,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendants.
_____/

Case No.  1:14-cv-01016-SKO

**ORDER THAT PLAINTIFF'S
COMPLAINT BE DISMISSED WITH
PREJUDICE**

(Doc. 19)

## I.    BACKGROUND

On June 27, 2014, Plaintiff John Margarito Cortez ("Plaintiff"), while represented by counsel and *in forma pauperis*, filed the present action in this Court.  (Doc. 1.)  Plaintiff seeks review of the Commissioner's denial of his application for benefits.  (Doc. 1.)  After being granted an initial extension of the briefing schedule (*see* Docs. 12; 13), Plaintiff's counsel filed a motion to withdraw as attorney of record on April 8, 2015 (Doc. 14.)  Plaintiff's counsel stated that the attorney-client relationship had deteriorated and counsel was no longer able to proceed in representing Plaintiff's interests.  (Doc. 14.)

Plaintiff's counsel was permitted to withdraw as attorney of record on April 29, 2015 (Doc. 17), and the briefing schedule was modified to require Plaintiff to file and serve his opening brief by no later than June 5, 2015.  (Doc. 15.)  Plaintiff was served with an Informational Order for Pro Se Litigants on May 12, 2015. (Doc. 18.)  The Informational Order detailed Plaintiff's

responsibilities as a pro se litigant, including the substantive requirements of an opening brief, and required that the opening brief be filed and served by no later than June 5, 2015.  (Doc. 18, pp. 2-3.)  On June 5, 2015, Plaintiff failed to file and serve his opening brief with the Court and on opposing counsel.  (*See* Docket.)

Following Plaintiff's failure to comply with the Court's order, on June 26, 2015, the Court issued an order to show cause why the matter should not be dismissed.  (Doc. 19.)  Plaintiff was ordered to respond by no later than July 10, 2015, or in the alternative, to file his opening brief in accordance with the Court's order modifying the briefing schedule.  (Doc. 19.)

Plaintiff has not filed any response to the Court's order to show cause why the action should not be dismissed, nor has he filed his opening brief.  (*See* Docket.)

## II.  DISCUSSION

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  *See* LR 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see*

1  *also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

2       In this case, the public's interest in expeditiously resolving this litigation and the Court's

3  interest in managing the docket weigh in favor of dismissal.   The risk of prejudice to the

4  Defendant Commissioner also weighs in favor of dismissal, since a presumption of injury arises

5  from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*,

6  542 F.2d 522, 524 (9th Cir.1976).  No less drastic sanction is available to the Court, as Plaintiff

7  has failed to comply with the Court's prior orders and is proceeding *in forma pauperis*.  The

8  policy favoring disposition of cases on their merits is outweighed by these other four factors in

9  favor of dismissal.  *See Hall v. Comm'r of Soc. Sec.*, No. 1:11-cv-00693-JLT, 2011 WL 3794705

10 at *2 (E.D. Cal. Aug. 25, 2011).

11      In its June 26, 2015, order, the Court informed Plaintiff that failure to comply with the

12 Court's order to show cause may result in dismissal of an action.  (Doc. 19.)  Thus, Plaintiff had

13 adequate warning that dismissal would result from failure to file his opening brief or "show cause"

14 for why the action should not be dismissed.  It is within the Court's inherent authority to dismiss

15 the action both for failure to prosecute and for failure to comply with the Court's order.

16                          **III.    CONCLUSION AND ORDER**

17      Good cause being established therefor, it is HEREBY ORDERED that:

18 1.      Plaintiff's complaint be DISMISSED with prejudice and without leave to amend;

19         and

20 2.      The Clerk of Court is directed to close this case.

21      This terminates the action in its entirety.

22

23 IT IS SO ORDERED.

24   Dated:   **July 21, 2015**                          **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3